IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACY LEE HALL                                :
      Plaintiff ,
                                                                             CIVIL ACTION
v.                                                  :          NO. 11-3323

MICHAEL J. ASTRUE, Commissioner
of Social Security,                        :
      Defendant.

## ORDER

AND NOW, this 31st day of January, 2014, upon consideration of Defendant's Objections to the Report and Recommendation issued in this case (Doc. No. 17) and Plaintiff's Response thereto (Doc. No. 18), it is hereby ORDERED as follows:

    (1)    Defendant's Objections are OVERRULED and the Report and Recommendation (Doc. No. 16) is APPROVED;[1]

---

[1] In September 2008 and March 2009, Plaintiff sustained physical injuries in two separate car accidents. (Admin. R. 143-44.)  On December 17, 2008, Plaintiff filed an application for Disability Insurance Benefits (DIB), alleging her disability began on September 20, 2008.  (Admin. R. 58).  Specifically, Plaintiff alleged her disability was due to a spine injury, which caused pain and memory loss, and affected her ability to move, lift objects, and to concentrate. (Admin. R. 13, 58, 113.)   Plaintiff's claim was initially denied on June 4, 2009, prompting her to file a written request for a hearing on July 10, 2009.   (Admin. R. 66.) This hearing was held on March 10, 2010 before Administrative Law Judge Jennifer M. Lash and during same, both Plaintiff and a vocational expert testified. (Admin. R. 9.)

    Judge Lash denied Plaintiff's DIB application on April 24, 2010.  (Admin. R. 40-56.)   Although it was determined that Plaintiff had two severe impairments (disorders of the back and obesity), Judge Lash held that these impairments did not constitute any of the listed Appendix 1 impairments in Subpart P of 20 CFR §404, that when met, require an automatic finding of disability.   (Admin. R. 45, 47.)   Judge Lash further assessed whether these two severe impairments prevented Plaintiff from having the residual functional capacity to perform her previous work, which was sedentary.   20 CFR §404.1545.   Such a finding required the judge to evaluate symptoms that were substantiated by objective medical evidence and to weigh the credibility of any statements that were not substantiated by objective medical evidence. In doing so, Judge Lash found that the medical evidence of record contradicted Plaintiff's perception of what she was capable of doing, as well as the opinions of her consulting and treating physicians, thus the judge afforded less weight to Plaintiff's statements about the limiting effects of her symptoms.   (Admin. R. 49-51.)   At the conclusion of her assessment, Judge Lash determined that Plaintiff had the residual functional capacity to perform sedentary work. (Admin. R. 51-52.)

    Plaintiff sought review of this decision and the same was denied by the Social Security Administration's Appeals Council, prompting Plaintiff to file the instant civil action. (Admin. R. 1.)   The matter was referred to United States Magistrate Judge Arnold C. Rapoport for a Report and Recommendation and upon review, Judge Rapoport concluded that the Administrative Law Judge's decision should be vacated and the case remanded for

further analysis.   In particular, Judge Rapoport determined that the finding of non-disability was not supported by substantial evidence and did not accord treating source opinions their due weight. Defendant has filed Objections to the Report and Recommendation, claiming: "(1) the Magistrate Judge erred in finding that a treating physician's opinion must be given controlling weight; (2) the magistrate erred in finding that the ALJ improperly disregarded treating source opinions; and (3) the magistrate judge erred in finding that the ALJ reached a "partial negative credibility determination" based upon improper rejection of treating source opinions." (Doc. No. 17 at 1)(citations omitted).

Objections to a Report and Recommendation are entitled to *de novo* review. 28 U.S.C. § 636(b)(1)(C). However, the review of a final decision of the Commissioner of Social Security is deferential, and is limited to determining whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Jenkins v. Comm'r of Soc. Sec.*, 192 F. App'x 113, 114 (3d Cir. 2006).   In determining the existence of substantial evidence to support an ALJ's decision, this Court must consider all evidence of record, regardless of whether the ALJ cited to it in her decision. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).   Substantial evidence is difficult to precisely define; it "'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"   *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood,* 487 U.S. 552 (1988)). In terms of the traditional burden of proof standards, substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson,* 436 F.2d 1146, 1148 (3d Cir.1971).

At issue here is Judge Lash's decision regarding Plaintiff's residual functional capacity. When assessing an applicant's residual functional capacity, "[t]he ALJ must consider all relevant evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001). When rendering a decision, the ALJ must provide more than conclusions, for "an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642   F.2d 700, 706-07 (3d Cir. 1981). In that same vein, although decisions that include findings of fact supported by substantial evidence are conclusive, said decisions "must comport with proper procedure and apply proper legal standards." *Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984).

Residual functional capacity is the applicant's "impairment(s), and any related symptom . . . that affect what [the applicant] can do in a work setting." 20 CFR §404.1545. Using the residual functional capacity assessment, if the ALJ finds the applicant cannot perform "past relevant work," then there will be a finding of disability. The ALJ's residual functional capacity assessment is of critical importance to the disability determination process. A dispute arises here regarding whether the evidence elicited from Plaintiff's treating sources was accorded adequate weight and if substantial evidence of record supports Judge Lash's decision to reject these treating sources in her finding of no disability.   Judge Rapoport has recommended that this case be remanded because ALJ Lash's rejection of Hall's treating source opinions was not supported by substantial evidence and not in keeping with agency regulations. Similarly, Judge Rapoport determined that ALJ Lash's residual functional capacity determination was not supported by substantial evidence because ALJ Lash did not analyze the effects of medication and other treatments in determining Hall's residual functional capacity. Upon review of this matter *in toto*, this Court finds that the ALJ's decision is not supported by substantial evidence and her analysis was incomplete.

With specific regard to the objections raised by Defendant, this Court notes that the objection pertaining to Judge Rapoport's allegedly "improper finding that a treating physician's opinion must be given controlling weight" is somewhat disingenuous and constitutes a misrepresentation of the record.   (Doc. No. 17 at 1-2.) Although Judge Rapoport's Report and Recommendation did contain the language cited by Defendant, a contextual reading of same makes it abundantly clear that a treating physician's opinion may be rejected "outright . . . on the basis of contradictory medical evidence."   (Doc. No. 16 at 12.)   Judge Rapoport then goes on to thoroughly and correctly set forth the applicable standards to be employed by an ALJ when assessing such evidence.   Therefore, this objection by Defendant is unfounded and for the reasons which follow, Defendant's remaining objections shall be similarly overruled.

A treating source is the applicant's own "physician, psychologist, or other acceptable medical source"

who has provided the applicant with medical treatment or an evaluation. 20 CFR §404.1502. A treating source's opinion is generally given more weight than that of other medical experts' of record because they have treated the applicant longer, and so are likely to provide a "detailed, longitudinal picture of [the applicant's] medical impairment(s)." 20 CFR §404.1527(c)(1)-(2).  However, said opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [not be] inconsistent with the other substantial evidence in your case record." *Id*.  When a determination is made that a treating source's opinion should not be given controlling weight, its influence must be calculated by considering multiple factors. These factors include the length and frequency of the treatment relationship, the nature and extent of the treatment relationship, the evidence in the record that supports the opinion, the consistency of the opinion with the record as a whole, the specialty of the treating source, and other relevant factors that support or detract from the opinion. *Id.* The ALJ must provide "good reasons" for the weight s/he accords the applicant's treating source's opinion. 20 CFR §404.1527(c)(2).

The two "treating sources" proffered by Plaintiff were Neurologist Bruce Grossinger and Chiropractor Raymond Wisdo. (Admin. R. 14.)  A "treating source" must be an "acceptable medical source," which, as defined in the regulations, includes a licensed physician. 20 CFR §404.1502; 20 CFR §404.1513. Chiropractors are not "acceptable medical sources," as they are specifically included in a different category of evidentiary sources called "other sources." 20 CFR §404.1513; *Hartranft v. Apfel*, 181 F.3d 358, 361 (3d Cir. 1999) (holding that a chiropractor's opinion is not an "acceptable medical source," and is thus not entitled to controlling weight as a treating source for the purposes of Supplemental Security Income).   Therefore, Dr. Raymond Wisdo's opinion cannot be assessed as that of an acceptable medical source, but is still relevant for purposes of determining the severity of Plaintiff's impairments and their effect on her ability to work. 20 CFR §404.1513.

An ALJ cannot "make speculative inferences from medical reports" or substitute "her own expertise against that of a physician who presents competent medical evidence." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Instead, the ALJ must consider all evidence of record, and provide a reason for rejecting evidence. *Id.* Contradictory medical evidence is required in order to reject a treating source's opinion. *Id*.  In deciding between contradictory evidence, the "ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" *Id.* (citing *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir.1993)).

On December 26, 2008, Dr. Grossinger found that Plaintiff should only work four hours a day, five days a week. (Admin. R. 379.) Dr. Grossinger also limited Plaintiff's lifting capacity to under 5 pounds, limited the time she could remain in a seated position to between 1 and 2 hours, and requested she avoid carrying, twisting, or movement of her hands. *Id*.  Judge Lash gave little weight to this opinion because she found Dr. Grossinger's findings to be inconsistent with those of the physical examinations of record. (Admin. R. 51). Instead, she relied upon the summary findings of state agency physician Vrajlal Popat, who reviewed "medical and non-medical evidence in the claims folder" several weeks *prior* to Plaintiff's surgery and made findings that were not consistent with the majority of other well-documented medical evidence of record from both before and after the surgery.  (Admin. R. 171-178.)  Accordingly, this Court concludes that the contradictory information of record, coupled with the explanations provided by Judge Lash regarding the reason(s) she rejected probative evidence, were not sufficient to reasonably warrant rejection of Plaintiff's treating source opinion as "controlling."

Moreover, this Court agrees with Judge Rapport's assessment that Judge Lash's decision lacked substantial evidence because it failed to analyze all relevant factors affecting Plaintiff's residual functional capacity; in particular, the effect of drugs and other treatments on her ability to work.  When reaching a residual functional capacity decision, an ALJ must consider the "type, dosage, effectiveness, and side effects" of the claimant's medications and the other treatments she received to treat her symptoms.  20 CFR §404.1529(c)(3)(iv)-(v). A failure to consider these side effects when relevant evidence is contained within the record constitutes a basis for remand. *Fargnoli*, 247 F.3d  at 42 (finding remand was required when the ALJ failed "to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law."). Plaintiff's medications and their side effects are listed in Field Office Disability Report. (Admin. R. 120.) As Judge Rapoport correctly found, neither ALJ Lash nor the state agency medical examiner analyzed the effects of Plaintiff's medications and post-surgery treatment on her ability to work.

(2)     The above-captioned matter is REMANDED for further administrative proceedings; and

(3)     The Clerk of Court shall mark this matter CLOSED.[2]

BY THE COURT:


  /s/   C. Darnell Jones, II          J.

---

(Admin. R. 43-52; 171-78.)   In his objections to Judge Rapoport's Recommendation, Defendant responded that "Dr. Popat [the state agency medical examiner] factored any medication related side effects into the residual functional capacity assessment (Tr. 172-74)." (Doc. No. 17 at 19).   However, the record cited by Defendant is comprised of check boxes which address different kinds of limitations – none of which include the effects of medication. Moreover, Dr. Popat did not state that he was considering the effects of medication on Plaintiff when he was evaluating her limitations.   Therefore, this Court finds it unreasonable to assume Dr. Popat considered these side effects when he never made mention of them and did not state that his limitation analysis would consider them.

In view of the foregoing, the ALJ's apparent failure to consider all available evidence regarding Plaintiff's residual functional capacity requires the non-disability determination to be vacated and reconsidered.

[2]   This Court notes that the Order attached to Judge Rapoport's Report and Recommendation (Doc. No. 16-1) does not pertain to this case.